IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEE E. PRICE, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:22-CV-311-WHA-CSC |
| | ) | [WO] |
| JAMES BRAZIER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed a complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff also filed a motion for preliminary injunction. *See id.* at 9; Doc. 3. As discussed below, this motion should be denied as moot.

Plaintiff filed his complaint on May 23, 2022. Doc. 1. At that time, he was detained at the Houston County Jail ("Jail"). *See id.* at 2. Generally, Plaintiff alleged that Defendants displayed deliberately indifference to his severe asthma by denying and delaying access to his inhaler. Subsequently, Plaintiff was transferred into federal custody. *See* Doc. 25.

"An issue becomes moot when the issue is no longer live or the parties lack a legally cognizable interest in the outcome." *Wimbush v. Conway*, 768 F. App'x 958, 965 (11th Cir. 2019) (per curiam) (alterations adopted) (citation and internal quotation marks omitted). "A request for injunctive relief relating to conditions of confinement at a given institution becomes moot once the person raising the request has been transferred to another institution." *Id.* (citation omitted); *see also Robbins v. Robertson*, 782 F. App'x 794, 799 (11th Cir. 2019) ("'The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief'" even when "'there is no assurance that he will not be returned to the jail.'" *Robbins v.*

*Robertson*, 782 F. App'x 794, 799 (11th Cir. 2019) (quoting *McKinnon v. Talladega Cty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984)). "[B]ecause the question of mootness is jurisdictional in nature, it may be raised by [] court[s] *sua sponte* . . . ." *See Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1331–32 (11th Cir. 2005) (citation omitted).

Here, although Plaintiff was housed at the Jail when he filed his complaint, he is now in federal custody. Furthermore, because Plaintiff is in "federal custody," "the record reveals no reasonable basis to conclude that [Plaintiff] will return to the [J]ail." *See Rau v. Moats*, 772 F. App'x 814, 818 (11th Cir. 2019) (per curiam) (citation and internal quotation marks omitted). Therefore, Plaintiff's motion for preliminary injunction should be denied as moot.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for preliminary injunction (*see* Doc. 1) be DENIED AS MOOT. It is further RECOMMENDED that the case be referred back to the Magistrate Judge for further proceedings. The Clerk is DIRECTED to send a copy of this Recommendation to Plaintiff. It is further

ORDERED that, **on or before July 26, 2022**, Plaintiff may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Tr.*

*Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 12th day of July, 2022.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE