IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEE E. PRICE, III, #04128-509, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:22-CV-311-RAH-CSC ) |
| JAMES BRAZIER, et al., | ) ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Lee E. Price, III filed this *pro se* 42 U.S.C. § 1983 action. Doc. 1. Thereafter, Defendants filed a Special Report and Answer, with supporting evidentiary materials, denying Plaintiff's claims. Doc. 53. Accordingly, on February 17, 2023, the Court issued an Order directing Plaintiff to respond to Defendants' filings on or before March 10, 2023. Doc. 57. The Court specifically cautioned Plaintiff that, if he failed to file a response, the Court would treat that failure as an abandonment of the Complaint and a failure to prosecute this action, and the undersigned Magistrate Judge would recommend dismissal of this case. *Id*. at 2. The Court subsequently extended the response deadline <u>five</u> times (*see* Docs. 59, 61, 64, 66, 68) and cautioned Plaintiff that no further extensions would be granted absent a showing of extraordinary circumstances (Doc. 68 at 1). Nevertheless, more than a month has passed since the latest extended deadline, and Plaintiff has failed to file a response.

Because Plaintiff has failed to comply with the Court's order, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, where Plaintiff has failed to comply with the Court's order despite the Court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **September 26, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of September, 2023.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE